859 P.2d 374

**ALCAN BUILDING PRODUCTS, A DIVISION OF ALCAN ALUMINUM CORP., Plaintiff–Respondent,**

v.

**Dean PEOPLES and Dorothy Peoples, husband and wife, Defendants–Appellants,**

and

**Suppliers, Inc., a corporation; Peoples Suppliers, Inc., a corporation, Defendants.**

No. 19346.

Court of Appeals of Idaho.

Sept. 7, 1993.

Dean Peoples, pro se.

Moffatt, Tomas, Barrett, Rock & Fields, Boise, for respondents. Thomas Charles Morris argued.

WALTERS, Chief Judge.

This case involves an alleged fraudulent transfer of assets by a debtor which impaired the efforts of a creditor to collect on a debt owed to the creditor by the debtor. We affirm the judgment entered in favor of the creditor.

The judgment was rendered in favor of the plaintiff-creditor, Alcan Building Products, Inc., in an action against the defendants Dean Peoples, Dorothy Peoples and two corporations known as Suppliers, Inc., and Peoples Suppliers, Inc. Alcan's complaint asserted liability based upon an alleged fraudulent transfer of assets by Suppliers, Inc. The court below granted Alcan's motion for summary judgment and entered judgment against Dean Peoples and Dorothy Peoples in the amount of $65,-916.23. The appeal was taken by Dean and Dorothy Peoples, challenging the order granting summary judgment.

■ At the outset, we note that a motion for summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). When considering an appeal from an order granting a motion for summary judgment, our standard of review is the same as the standard used by the trial court in passing on the motion. *State v. Continental Casualty Co.*, 121 Idaho 938, 829 P.2d 528 (1992). Accordingly, our task is to apply the rule stated in I.R.C.P. 56(c) to the record before us and determine whether there exists any genuine issue of material fact and whether Alcan was entitled to judgment as a matter of law. In making this determination, we are required to look to the totality of the record including motions, affidavits, depositions, pleadings and exhibits, and not to isolated portions of the record. *Id.*

The case presents the following factual and procedural background. On December 7, 1989, Alcan was awarded the sum of $56,345.23 against Suppliers, Inc., in an arbitration proceeding. On February 2, 1990, the district court confirmed the award and on February 22 entered a judgment, including additional interest and costs, for $58,043.13. When Alcan unsuccessfully attempted to satisfy the judgment from the available assets of Suppliers, Inc., it discovered that on January 1, 1990, Suppliers, Inc., had transferred all of its assets to Dean and Dorothy Peoples, the sole shareholders, officers and directors of Suppliers, Inc. In turn, the Peoples created a new corporation, Peoples Suppliers, Inc., which carried on the same business as Sup-

pliers, Inc. Dean and Dorothy Peoples are the sole shareholders, officers and directors of the new corporation. Having discovered this information, Alcan brought the instant action. Alcan sought a declaration that the transfer of assets from Suppliers, Inc., was void and authorization to execute on those assets to satisfy the judgment entered on the arbitration award, *see* I.C. § 55–916. Alcan further alleged that Dean and Dorothy Peoples, as directors of the two defendant corporations, should be held personally liable for all debts owed to Alcan by Suppliers, Inc. Judgment was entered in favor of Alcan and against Dean and Dorothy Peoples for the amount of Alcan's claim plus attorney fees and costs.

According to the deposition of Dean Peoples, submitted in support of Alcan's motion for summary judgment, Suppliers, Inc.'s assets were transferred to him as reimbursement for approximately $95,000 in loans he had made to the corporation over the previous fifteen years. Dean Peoples also stated that, at the time Suppliers Inc.'s assets were transferred, Suppliers, Inc. was insolvent. The 1989 Idaho corporate income tax return of Suppliers, Inc., produced at the deposition of Dean Peoples, revealed that as of December 31, 1989—one day prior to the transfer of all its assets to the Peoples–Suppliers, Inc.'s inventory was worth $117,688 and its real and tangible personal property was worth $233,809.11, for a total value of tangible assets in the combined amount of $351,497.11. Even assuming this figure was high owing to inflated adjustments for tax purposes, Dean Peoples testified at his deposition that the assets transferred were worth at least $85,000. Following the transfer, Suppliers, Inc., was left with virtually no assets of any value.

The district court entered judgment in favor of Alcan, applying I.C. § 55–914(2). This statute provides:

> A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reason-

able cause to believe that the debtor was insolvent.

An "insider" is defined in I.C. § 55–910(7) to include a director of the debtor, an officer of the debtor, and a person in control of the debtor, where the alleged debtor is a corporation.

On appeal, Dean and Dorothy Peoples contend that the court should not have determined the case by summary judgment because there was an issue of fact concerning the value of the property transferred from Suppliers, Inc. They also argue that the judgment should not have exceeded the net value of the transferred assets. In support of their proposition that there exists an issue of fact, the Peoples cite I.C. § 55–913(2)(h) and assert that the transfer of assets was not fraudulent because the value given by them, in the form of loans to Suppliers, Inc., was equivalent to the value of the property transferred to them in the exchange. Idaho Code § 55–913(2)(h) indeed expresses a concept relating to fraudulent transfers. It recites in part that "[t]he value of the consideration received by the debtor was reasonably equivalent to the value of the assets transferred...." However, we believe the Peoples' reliance on this code section is unavailing. Subsection 913(2)(h) contains but one of several factors which can be considered in determining whether a transfer was made or obligation was incurred with actual intent on the part of the debtor to hinder, delay, or defraud any creditor. Such intent is a prerequisite for liability under section 55–913. However, the summary judgment against the Peoples was not based upon section 55–913. Rather, the court below determined the transfer was fraudulent under section 55–914(2), which does not focus on the intent of the debtor but instead applies when an insolvent debtor transfers assets to an insider for an antecedent debt and the insider had reasonable cause to believe the debtor was insolvent. The inquiry whether a transfer of assets is fraudulent under section 55–914(2) is satisfied by affirmative answers to the following elements: (1) Did the creditor's claim arise before the transfer was made?

(2) Was the transfer made to an insider? (3) Was the transfer made for an antecedent debt? and (4) Was the debtor insolvent at the time the transfer was made and did the insider have reasonable cause to believe that the debtor was insolvent?

■ Here, the question of values of the transferred assets seems to arise from the information developed through Dean Peoples' deposition, where the tax return for Suppliers, Inc., showed the total value of its assets to be $351,497.11, but Peoples' testimony indicated the value of all the assets was $85,000. Then, after Alcan filed its motion for summary judgment, Dean Peoples submitted a written statement entitled "Affidavit In Opposition To Motion For Summary Judgment" in which he set forth values for several items of equipment and liabilities owed against those items. This statement was not dated, nor did it contain any recitation attesting to the veracity, truth or accuracy of the information contained therein. While this "affidavit" discussed the values of some items, it did not attest that the total value of the transferred assets was less than the amount of Suppliers, Inc.'s debt to Alcan. Therefore, the affidavit did not raise a genuine issue of material fact sufficient to defeat Alcan's motion for summary judgment. The undisputed evidence before the court established that the value of the transferred assets was in excess of the amount of Alcan's claim against Suppliers, Inc.

■ Idaho Code §§ 55–916 and 55–917 set out the remedies available to a creditor such as Alcan in the present case. Once it has been established that a fraudulent transfer has occurred, section 55–916(2) allows a creditor who already has a judgment against the debtor to levy execution on the asset transferred, if the court so orders. In addition, where the transfer in question is found to be fraudulent and thus voidable, the creditor may recover judgment against the transferee for the value of the asset transferred (subject to equitable adjustment under I.C. § 55–917(3)), or for the amount necessary to satisfy the creditor's claim, which ever is less. As noted, the court entered judgment for the amount of Alcan's claim against Suppliers, Inc., a sum less than any reasonable determination of the total value of the transferred assets disclosed by the record. Accordingly, the judgment granted by the district court was appropriate under the guidelines set forth in I.C. § 55–917, and will be affirmed.

■ Because Alcan has prevailed in this appeal, it is entitled to an award of costs. I.A.R. 40. Alcan has also requested an award of attorney fees under I.C. § 12–121. Having reviewed the record and arguments presented, this Court is not left with the abiding belief that the appeal was brought frivolously, unreasonably and without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Consequently, we decline to award attorney fees to Alcan.

The judgment is affirmed; costs, but no attorney fees on appeal, are awarded to the respondent, Alcan Building Products, Inc.

LANSING, J., concurs.

PERRY, Judge, concurring and dissenting;

I concur that the judgment below should be affirmed. However, upon review of the record and arguments presented, I am left with the abiding belief that the appeal was brought frivolously, unreasonably and without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Consequently, I dissent from the majority opinion declining an award of attorney fees to Alcan Building Products, Inc.